| | |
|---|---|
| Law Offices of Travis Gagnier, Inc., P.S.<br>33507 Ninth Avenue South, Bldg. F<br>P.O. Box 3949<br>Federal Way, WA 98063-3949<br>253-941-0234; gagnierecf@bestbk.com | Honorable Timothy W. Dore |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **STENSGAARD, Lisa Marie,**<br><br>Debtor.<br>_____<br>**STENSGAARD, Lisa Marie,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA ACTING THOUGH THE U.S. DEPARTMENT OF EDUCATION, et. al.**<br><br>Defendant. | Number 19-11116<br><br>Adversary Number: 23-01007<br><br><br>**EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT** |

Under Local Bankruptcy Rule 9013-1(g), Plaintiff Lisa Marie Stensgaard and Defendant United States of America, acting through the U.S. Department of Education (DOE), jointly move ex parte to resolve this adversary proceeding with a Consent Judgment that declares dischargeable Plaintiff's student loan debt held by DOE, as described in the Certificate of Indebtedness attached hereto as Exhibit A (the Debt). The Debt should be declared dischargeable under 11 U.S.C. § 523(a)(8) because repaying the Debt would be an "undue hardship," as interpreted by the Ninth Circuit. E.g., *Educ. Credit Mgmt. Corp. v. Nys (In re Nys)*,

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT- 1

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

Case 23-01007-TWD    Doc 12    Filed 08/17/23    Ent. 08/17/23 07:31:47    Pg. 1 of 4

446 F.3d 938, 941, n.1 (9th Cir. 2006) (summarizing three-prong *Brunner* test adopted by Ninth Circuit). The parties stipulate to the following facts that support that conclusion:

1. On June 6, 2019 (doc 23), this Court confirmed Plaintiff's Chapter 13 Plan under 11 U.S.C. § 1325, in Case No. 19-11116-TWD.

2. In November 2022, the United States Department of Justice, in coordination with DOE, issued "Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation" (Guidance).

3. Pursuant to that Guidance, Plaintiff submitted to DOE an Attestation in Support of Request for Stipulation Conceding Dischargeability of Student Loans (Attestation). The following facts and conclusions are drawn from information Plaintiff provided in his Attestation.

4. Plaintiff cannot maintain a minimal standard of living and also repay the Debt. The IRS National and Local Standards for necessary living expenses, with minimum retirement contributions exceed Plaintiff's after-tax income. Plaintiff has no free monthly cash flow with which he can afford to repay the Debt.

5. Plaintiff's present inability to repay the Debt will likely persist for a significant portion of the Debt's repayment period. Some of Plaintiff's student loans have been in repayment for more than 10 years. Now sixteen years after graduating from college, Plaintiff has not been able to increase her earnings above the costs of a minimal standard of living.

6. Plaintiff has made good faith efforts to repay the Debt. She has applied for and received multiple forbearances and or deferments over the years, consolidated her student loans in 2016 and has paid $4,267.22 towards on her student loans.

7. Plaintiff could not reasonably be expected to enroll in an income-based repayment plan when her income is insufficient to meet her basic living expenses apart from any student

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT
JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S
STUDENT LOAN DEBT- 2

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

Case 23-01007-TWD    Doc 12    Filed 08/17/23    Ent. 08/17/23 07:31:47    Pg. 2 of 4

loan payments.

8. Plaintiff does not have assets available to repay the Debt. Her April 2019 bankruptcy schedules show she has no non-exempt equity in any property.

9. Plaintiff and DOE shall bear their own costs and attorney fees related to this action. For the foregoing reasons, repaying the Debt would impose an "undue hardship" on Plaintiff. The parties jointly request that the Court enter the "Ex Parte Consent Judgment Declaring Dischargeable Plaintiff's Student Loan Debt" under 11 U.S.C. § 523(a)(8).

DATED this 16th day of August 2023.

Respectfully submitted,

/s/ Travis Gagnier
TRAVIS GAGNIER, WSBA #26379
Law Offices of Travis Gagnier, Inc., P.S.
33507 9th Ave. S., Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
tagagnier@bestbk.com

and

/s/ Kyle A. Forsyth
Kyle A. Forsyth, WSBA #34609
Assistant United States Attorney
U.S. Department of Justice
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101
kyle.forsyth@usdoj.gov

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT- 3

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

Case 23-01007-TWD    Doc 12    Filed 08/17/23    Ent. 08/17/23 07:31:47    Pg. 3 of 4

EXHIBIT "A"

Lisa Marie Stensgaard vs. U.S. Dept. of Education
Adv. No.: 23-01007, Bankr. Case No.: 19-11116

## U.S. Department of Education (ED) Adversary Cover Sheet

### Provided with Attached ED Loan Records

Dear Borrower,

Attached you will find certain information about your education, student loan servicing, and payment history for ED held loans. The records provided are taken from one or more of the following sources of records: National Student Loan Data System (NSLDS), Common Services for Borrowers (CSB), Common Origination and Disbursement (COD). You should use this information to complete the Attestation which has also been provided by the Department of Justice (DOJ) attorney. You may rely on the information here in completing the included Attestation. If you believe the information from ED records as provided is inaccurate or incomplete, you can clarify that on your Attestation. This cover sheet provides key loan information found within the records provided for your reference.

**Loan Information for Attestation (Attestation Questions 5,6,7)**[12]

| NSLDS Loan Number[13] & School of Attendance (Attestation Question 7) | Balance as of March 20, 2023 (Attestation Question 5) | Loan Status March 20, 2023 | Default Date** (Attestation Question 6) | Monthly Payment Amount under Standard Repayment plan (Attestation Question 6)* |
|---|---|---|---|---|
| 16 – University of Phoenix | $73,552.50 | Bankruptcy, Active | | $857.06 |
| 15 – University of Phoenix | $52,134.19 | Bankruptcy, Active | | $597.02 |
| Total Balance ED HELD Loans (Attestation Question 5) | $125,686.69 | | | |

*For loans not in default
**For Loans in default

**Enrollment/Graduation Information for Attestation (Attestation Question 8)**[14]

---

[12] This chart only includes your loans that are held by the Department of Education. It does not include private loans or commercial FFEL or HEAL loans.
[13] NSLDS Loan Numbers correspond to the printed Aggregate Loan History provided with this cover letter. If additional loans are incurred in the future, the loan numbers within NSLDS may change, as they are generally listed in reverse chronological order.
[14] Due to enrollment reporting requirements any dates shown here may be slightly different than your records show. For the purposes of the Attestation you can rely on the information provided here or provide corrected information on the Attestation.